MILLER, ET AL. V. ALBRIGHT.

1. RENDITION OF A JUDGMENT IS A JUDICIAL ACT.

The rendition of a judgment is the judicial act of the court pronouncing the sentence of the law upon the facts in controversy, as ascertained by the pleadings and the verdict.

2. ENTRY OF A JUDGMENT IS A MINISTERIAL ACT.

The entry of a judgment is a clerical or ministerial act, and by provision of law, is required to be done by the clerk of the court, and consists of writing or recording it in the journal.

3. NOTICE OF APPEAL.

A notice of intention to appeal to the circuit court is in time under the provision of section 5227, Revised Statutes, if entered on the record within three days after the judgment is entered or recorded.

ERROR to the Court of Common Pleas of Paulding county.

In an action in the common pleas court, by Solomon Albright, plaintiff, against William Albright and others, defendants, there was a contest as to the validity and priority of liens. The cause was tried and disposed of about April 28, 1896, by a finding and decree favorable to the contesting defendants, determining and fixing their liens as prior to that of plaintiff, and ordering these first paid out of the proceeds of the sale of the real estate against which the several liens were asserted. At the time decree was rendered, plaintiff, in open court, orally announced his intention to appeal the case to the circuit court, and the court indicated the amount of the undertaking for appeal. On May 2, 1896, an entry of the decree, fixing priorities of liens, and of plaintiff's notice of his intention to appeal the cause to the circuit court, was prepared, and given to the clerk to be entered on the journal. Objection was made to the entering of plaintiff's notice of intention to appeal, by counsel for defendants, and the clerk only entered on the journal the decree fixing priorities, and omitted and refused to enter the notice of his intention to appeal and the fixing of the penalty of the bond by the court. Later, at the same term of the court, on plaintiff's motion, the court made an order requiring the clerk to enter on the journal the omitted portion of the entry as originally formulated and furnished to the clerk; which requirement the clerk complied with. The evidence had on the hearing of the motion is brought into the record by a bill of exceptions, and a proceeding in error is prosecuted here, to obtain a reversal of the order and a correction of the record, by eliminating therefrom all that portion which shows notice of plaintiff's intention to appeal the case to the circuit court.

DAY, J.

The only question raised and urged by counsel for the plaintiff in error, is as to the sufficiency of the notice of appeal. Was it given in time, and in the manner provided by law; so that the statutory requirements were complied with and an appeal perfected? In this respect the statutory provision is, section 5227, Revised Statutes: "A person desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered, enter on the records notice of such intention, etc." Whether or not the notice of intention to appeal was sufficient in point of manner and time of entering on the record, depends upon the proper interpretation of the words of the section: "A party shall enter on the record notice of his intention within three days after the judgment or order is entered." What is entering a judgment, and what acts must a party perform to accomplish the entry of his notice of intention to appeal on the record? As to the first proposition there is some confusion; the rendition of a judgment and the entry thereof being sometimes regarded as the same act. But this is not true at all, as the two acts are essentially different. The court renders judgment; i. e., gives judgment; but it does not enter judgment. The entry of a judgment is a clerical or ministerial act, and by provision of law, is required to be done by the clerk of the court, and consists of writing or recording it in the journal. In Black on Judgments, page 106, the rule is clearly stated as follows:

"The rendition of a judgment is the judicial act of the court pronouncing the sentence of the law upon the facts in controversy, as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement

of the final conclusion reached by the court in the matter, thus furnishing external, incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action."

If this interpretation is correct, then the act of recording the judgment on the journal of the court, by the clerk, is entering it, and a notice of intention to appeal is in time, under the provision of section 5227, Revised Statutes, if entered on the record within three days after the judgment is entered or recorded.

The party desiring to appeal his cause to the circuit court must enter on the record notice of his intention, says the section. It certainly was not the intention of the law making power, in formulating this section, to require the performance of an impracticable or impossible thing; and inasmuch as a party has no possession or control of the record, and cannot properly perform the physical act of writing his notice of intention to appeal therein, it seems apparent such strictness of construction is not intended, but that liberal and reasonable interpretation is required, to the end that the remedial provision be not defeated or rendered unavailable. What then must a party do —what acts must be performed to accomplish the statutory requirement of entering his notice on the record? All a party can do, with propriety, is to formulate a statement; i. e., prepare an entry, showing notice of intention to appeal his case to the circuit court, and deliver it to the clerk of the court and request its entry on the record. This being done, it becomes the official duty of the clerk to enter it on the proper record, and in contemplation of law it is so entered, at least for all purposes of appeal And this is so, notwithstanding the clerk, from any cause, may omit or refuse to spread it on the record for a time, and until required to do so by an order of the court, made on motion and hearing for that purpose. These observations apply as well to the entry of the judgment or decree rendered in the cause. In either case, when an entry is formulated, and given to the custodian of the record, with a request to enter on the proper record, it is, in law, for purposes of appeal, entered of record. In such case the party has done all he can do; all that is, by law, required of him in that respect, and if he has also complied with the other requirements of the section by giving a proper bond within the time limited, an appeal has been accomplished.

On the facts, as made to appear by the bill of exceptions, we are unable to discover that error has intervened to the prejudice of the plaintiff in error, and the judgment is affirmed.

*Snook & Wilcox*, for Plaintiff in Error.

*H. C. Glenn*, for Defendant in Error.